## Case No. 10,637.

### OXFORD IRON CO. v. SLAFTER.

[13 Blatchf. 455; [1] 14 N. B. R. 380.]

Circuit Court, N. D. New York. July 12, 1876.

BANKRUPTCY — PREFERENCES — ACT OF 1867 — AMENDMENT OF 1874—RETROACTIVE EFFECT— INTENTION—TESTIMONY OF PARTIES.

1. Under the provisions of section 12 of the act of June 22d, 1874 (18 Stat. 180), amendatory of section 39 of the bankruptcy act of March 2d, 1867 (14 Stat. 536), it is not necessary to the invalidity of an act alleged to be preferential in its character, which took place prior to December, 1873, that it should come up to the test imposed by such section 12, but such act is to be tried according to the law of 1867.

2. Where a new rule is sought to be applied to past acts, the expression of the legislative purpose ought to be clear and distinct.

3. When an amendatory law contains express provisions fixing the period of its retroaction in certain specified cases, such specification almost necessarily leads to the conclusion that, in all other and unspecified cases, the amendment is not to have a retroactive effect.

[Cited in Warren v. Garber, Case No. 17,196.]

4. The testimony of the parties to a transaction questioned as preferential under the bankruptcy act, as to their intentions, though competent, is inherently weak, and can rarely avail against the stronger proof which the transaction itself affords.

[This was an action by the Oxford Iron Company against Edwin P. Slafter, assignee in bankruptcy of Foot, Doud & Co.]

Edward C. Delavan, for plaintiff.
Dennison & Everett, for defendant.

JOHNSON, Circuit Judge. This cause was tried before me, without a jury. That the original debt was an honest debt is not disputed, and is, besides, entirely plain, upon the proof. The assignee resists the claim of the plaintiffs upon the alleged ground that the transfer by Foot, Doud & Co. to the plaintiffs, on the 29th of December, 1871, of a quantity of nails, was preferential in its character, in violation of the provisions of the bankrupt act, and that, consequently, the plaintiffs' debt became incapable of proof.

That the validity and consequences of the acts done should be determined according to the law in force at the time when they were done, is so consonant to natural justice, that,

even when it is competent for the legislative power to assert a different rule, courts will look carefully to see that the expression of the legislative purpose is clear and distinct, that a new rule shall be applied to past acts. When existing laws are amended by enactments that such a section shall read in an altered manner, and the altered section contains in part the old law, and in part new provisions, the latter will be construed to relate to subsequent acts, and the former will be considered as having been the law from the time of its first enactment; and, when there is no express repeal of the law as it stood at the time of the amendment, that law will, in the absence of express provisions to the contrary, be deemed to apply to, and to govern, the validity and consequences of acts done before it was amended. Ely v. Holton, 15 N. Y. 595. More especially must this rule be adhered to when the amendatory law contains express provisions fixing the period of its retroaction in certain specified cases; for, this specification almost necessarily leads to the conclusion that, in all other and unspecified cases, the amendment is not to have a retroactive effect. Tinker v. Van Dyke [Case No. 14,058], United States circuit court, Eastern district of Michigan, Emmons, Circuit Judge.

On the 30th of January, 1872, the petition was filed for an adjudication against Foot, Doud & Co., as bankrupts, and, on the 7th of February, 1872, they were duly adjudicated bankrupts. The act of June 22d, 1874 (18 Stat. 180), amendatory of the bankrupt law, by its section 12, amended section 39 of the bankrupt act of March 2d, 1867 (14 Stat. 536), so as to read as set out in section 12. Its retroaction is limited to the first day of December, 1873, when it is prescribed that it shall [not] [2] have any retroaction operation, and this provision excludes, in my view, any other period for retroaction. It is not necessary, therefore, to the invalidity of an act alleged to be preferential in its character, which took place prior to December, 1873, that it should come up to the test imposed by the amendatory act of 1874. It is to be tried according to the law of 1867, as embodied in the Revised Statutes. Under that law, if the creditor receiving the preferential payment or conveyance had reasonable cause to believe that a fraud on the act was intended, and that the debtor was insolvent, he cannot be allowed to prove his debt in bankruptcy.

Upon a careful examination of the evidence in the case, I do not find that the presumption of fraud arising from the transaction in question being out of the usual course of business, under section 5130 of the Revised Statutes, is overcome. On the contrary, judging from the correspondence of the parties, to which I attach more weight than to the oral testimony, I think the case of the defendant is made out. That both the bankrupts and the

---

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

2 [14 N. B. R. 380.]

creditors intended a preference seems to me established. That the debtors were insolvent, and that the creditors had reasonable cause to believe them to be insolvent, seems to me made out with great cogency of proof. The surrounding circumstances point too strongly to this conclusion to be overthrown by the testimony of the parties to their intentions. Such testimony, though competent, is inherently weak, and can rarely avail against the stronger proof which the transaction itself affords. There must be judgment for the defendant.

[For other cases growing out of the bankruptcy of Foot, Doud & Co., see Cases Nos. 4,-906 and 4,907.]